IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. MARTIN ARON HARASIM**

**Circuit Court for Williamson County**
**No. N-CR240052**

_____

**No. M2025-01146-CCA-R3-CD**

_____

**ORDER**

On or about July 31, 2025, the Defendant, Martin Aron Harasim, filed a *pro se* notice of appeal. Tenn. R. App. P. 3(b). He simultaneously filed a *pro se* motion seeking review of the trial court's ruling regarding the commencement of the sentence he received for his misdemeanor convictions in this case. Tenn. R. App. P. 8. As reflected in the judgment sheets, on July 25, 2025, the Defendant was convicted of driving under the influence, first offense (Tenn. Code Ann. § 55-10-401), attempted assault on a first responder (Tenn. Code Ann. § 39-13-116), and resisting arrest (Tenn. Code Ann. § 39-16-602), all of which are misdemeanors. The Defendant was sentenced to an effective sentence of eleven months and twenty-nine days of supervised probation after service of sixty days in jail.

The Defendant is currently represented by appointed counsel and his case is still pending in the trial court, however. Accordingly, the *pro se* notice of appeal is premature. *See* Tenn. R. App. P. 4(c) and (d). Moreover, it has long been the rule that a defendant may not be represented by counsel and simultaneously proceed *pro se* on appeal. *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976); *State v. Parsons*, 437 S.W.3d 457, 478 (Tenn. Crim. App. 2011).

Accordingly, the *pro se* notice of appeal is hereby dismissed without prejudice. At the conclusion of the proceedings in the trial court, the Defendant, by and through counsel of record, may pursue an appeal to this Court, if appropriate. Tenn. R. App. P. 3(b).

The *pro se* Rule 8 motion is denied for the same reason. Counsel may file the appropriate motion for review of the trial court's ruling regarding the commencement of the Defendant's sentence, if necessary. According to the statements by the Defendant in

his motion, the trial court ordered him to begin serving his sixty-day sentence on August 1, 2025.  If that is true, the Court makes the following observations for the benefit of counsel and the trial court.

Subsection (b) of Tennessee Code Annotated Section 40-35-116 provides that the trial court may revoke bail immediately upon conviction, in applicable felony cases, "notwithstanding sentencing hearing[s], motion[s] for a new trial and related post-guilt determination hearings."  The Sentencing Commission Comments to that section advise that "[t]he standards for revocation of bail are set forth in Section 40-26-102."  Section 40-26-102, entitled "Bail in felony cases," governs admission to bail pending appeal.  Subsection (e) of Section 40-26-102 provides that "[t]he setting of bail or release upon recognizance is a matter of right for one convicted of a felony and sentenced to confinement for less than one (1) year."  As discussed above, however, the Defendant in this case was convicted of misdemeanor offenses.  The Sentencing Commission Comments to Section 40-35-116 further advise that bail in misdemeanor cases is addressed in Section 40-26-104.  Both that statute and the Rules of Criminal Procedure provide that a defendant has the right to bail pending appeal in misdemeanor cases.  Tenn. Code Ann. § 40-26-104; Tenn. R. Crim. P. 32(d)(1).  Section 40-26-104 provides:  "In all misdemeanor cases, the judge or court shall direct the clerk of the circuit or criminal court to admit the defendant to bail in a sum prescribed by the judge or court, with sufficient sureties for defendant's appearance at the circuit or criminal court in which judgment was rendered against the defendant, at the next term after the decision of the cause by the supreme court, to answer the judgment of the court."  Rule 32(d), which is titled "Release After Conviction, Pending Further Proceedings," discusses release following conviction in both misdemeanor and felony cases.  Subsection (d)(1) of Rule 37, which covers misdemeanor cases, provides simply: "A person convicted of a misdemeanor has a right to have bail set or to be released on recognizance pending the exhaustion of all direct appellate procedure in the case."  Accordingly, it is clear the legislature intended those defendants convicted of a misdemeanor to be entitled to bail pending the exhaustion of post-trial and appellate remedies.

The Clerk shall forward a copy of this order to the Defendant, counsel of record, and the trial court clerk.  Because the Defendant was declared indigent by the trial court, costs are taxed to the State.

Ayers, Wedemeyer, Holloway, JJ.

2